NEAL *et al.*, executors, *v.* SIMMONS.

Where the court is under doubt as to the remedy, and has admitted illegal evidence in behalf of the prevailing party, the first grant of a new trial is well warranted, more especially if the doubt respecting remedy is grave and difficult of solution.

April 29, 1889.

Rule. Attorney and client. New trial. Before Judge HUTCHINS. Gwinnett superior court. October term, 1888.

On Febuary 2, 1878, J. P. Simmons, who had become the owner of an execution in favor of Martin, administratrix of Gordon, *v.* G. W. Arnold, for $968, interest and costs, issued September 5, 1874, upon a judgment rendered October 6, 1871, and who was attorney for the plaintiff therein, executed to John Neal the following instrument:

"$500. Atlanta, Ga., Feb. 2d, 1878. (Stating the case and describing the execution.) Received of John Neal five hundred dollars, for and in consideration of which sum I hereby transfer and assign to him an interest in and the control of said judgment and *fi. fa.* to that amount, with 12 per cent. interest thereon from this date until the first day of November next and until the same is paid; and as the owner and assignee of said judgment and *fi. fa.* and the plaintiff's attorney therein, I also hereby agree to collect said sum with such interest for said Neal free of charge, and to guarantee the payment thereof to him."

On January 21, 1879, a payment of $100 was made by Arnold to Neal; and on September 12, 1883, he received, by W. M. Sessions, $319.40, paid by E. Faw. In 1887, the executors of Neal petitioned for a rule against Simmons as an attorney at law, to show cause why he had

not paid the amount due them on the execution or should not do so, alleging that he had caused the payments stated to be made, which left due to Neal, on September 12, 1883, $413.38, with interest from that date; and that he had collected all that the judgment called for, or a sufficient sum to pay the amount due petitioners by virtue of his transfer and obligation to collect, etc. A rule *nisi* having been issued, he answered that, at the time he transferred the interest to Neal, he reserved all other interest than $500 to himself; that he afterwards collected from Arnold all that was due on the *fi. fa.*, except the principal sum of $500 and interest which he had transferred to Neal, and received no part of that either as Neal's attorney or otherwise; that while, as an independent contract, he agreed to collect Neal's interest free of charge, the relation of attorney and client never existed between them in relation to this *fi. fa.;* that before Arnold had settled it, Neal took possession and control of it and placed it in the hands of other attorneys for collection, thereby ignoring respondent's agreement to collect his part and releasing him from the duty or power to do so; and that the guaranty of a certain rate of interest on the judgment in excess of that set forth therein, could not be inquired into in this proceeding, but if respondent is liable to plaintiffs at all, such liability would be adjudicated in another proceeding.

This answer was traversed by the plaintiffs. On the trial, the execution appeared in evidence. It bears several entries of receipts for costs of officers, and five of levies on property, two of these being stated to have been dismissed by order of the plaintiff's attorney, and it not appearing what were the results of the other three. There is a receipt for $90.85, dated September 12, 1883, from James P. Simmons, assignee, to E. Faw, who had received it from the sheriff, this amount having been applied to this *fi. fa.* from sale of property of

Arnold under a *fi. fa.* in favor of one Trippe. There is also a statement, dated September 12, 1883, signed by James P. Simmons, assignee, that the *fi. fa.* is entitled to the following credits not heretofore entered thereon, separate receipts for which have been given to the defendant :

| | | | |
|---|---|---|---:|
| 1877. | Jan'y 22. | From deft., by S. J. Winn, | $127.33 |
| 1878. | Jan'y 1st. | " " " " | 90.00 |
| 1878. | Feb'y 6th. | " " paid Neal, . | 13.14 |
| 1879. | Jan'y 20th. | " " . . . . . . | 75.00 |
| 1880. | Feb'y 16th. | " " out of note on J. A. Gunter, . . . . . | 350.00 |
| 1880. | Feb'y 16th. | From deft. . . . . . | 300.00 |
| 1881. | April 5th. | " " in Marietta (besides costs), . . . . . | 240.32 |
| 1881. | May 9th. | From deft. out of note on J. A. Gunter, . . . . . | 100.00 |
| 1881. | Nov. 3d. | From deft. proceeds from Gardner *fi. fa.* . . . . | 39.50 |
| 1881. | Dec. 19th. | From deft. out of note on J. A. Gunter, . . . . | 115.00 |
| 1882. | July 8th. | From deft. balance note on J. A. Gunter, . . . . | 34.20 |
| 1883. | Feb'y 5th. | From deft. . . . . . | 100.00 |

Then there is a receipt, with same date, signed, "W. M. Sessions, atty. for John Neal, transferee," to defendant Arnold, by E. Faw, for $305.08.

The following receipt was admitted in evidence **over** respondent's objection :

"Received of G. W. Arnold a note made by Joel A. Gunter, dated January 8th, 1878, and due on or by the 15th day of November next, for $525.00, and payable to said Arnold or bearer for land, and which note I am to hold as collateral security for the payment of $500 to John Neal, of Atlanta, Ga., with 20 per cent. interest thereon until paid, and which sum said Neal paid for said Simmons and myself to the Atlanta Savings Bank of Ga. and took from said Simmons the control of that amount of a *fi. fa.* from Cobb superior court in favor of Georgia V. Martin, adm'x, etc., *v.* myself, and the payment of which sum to said Neal said Simmons guaranteed for in said control, .

and which sum, when paid by said Arnold or by said Gunter on said note, is to be entered as a credit on said *fi. fa.* for the benefit of said Arnold as the defendant therein; and said Arnold also paid to said bank for me thirteen and $\frac{14}{100}$ ($13.14) dollars, which last sum is to be entered as a credit on said *fi. fa.*: both of which payments were made this day, 2d day of February, 1878.

JAMES P. SIMMONS, assignee and pl'ff's atty.''

Then was introduced, over objection, a cost *fi. fa.* in favor of G. W. Arnold, for the use of the officers of court, against James P. Simmons, assignee, etc., reciting that he had a *fi. fa.* levied on property of Arnold, who filed his illegality to the same, and that the jury found in favor of the defendant in *fi. fa.*, and also found that said *fi. fa.* had been paid in full.

W. M. Sessions testified: Simmons had the control of the execution against Arnold, and managed and directed it until it was finally disposed of on the illegality. Witness was attorney for Neal in his lifetime, and for his executors since his death; had control of the obligation sued on for a number of years before Neal's death, and knew all about the transaction. The execution was all the time in the control of Simmons or his attorneys. E. Faw generally represented him. Simmons directed the levies, and had exclusive control of the *fi. fa.* When the illegality was filed by Arnold, Simmons asked witness to represent him as his attorney on the trial, and this was done. Witness never had control of the *fi. fa.* as Neal's attorney, but did represent Simmons by express employment.

The jury found for the plaintiffs $371.60. The defendant moved for a new trial on the following among other grounds:

(1) The court erred in overruling defendant's motion to dismiss the case and discharge the rule on the grounds, first, that the relation of client and attorney did not subsist between the parties, but the case made is that of debtor and creditor, and the plaintiffs' remedy would be by ordinary suit upon the contract; and

second, that the contract relied on is violative of the law inhibiting maintenance and champerty.

(2) The court erred in admitting the cost *fi. fa.* and defendant's receipt for the Gunter note, above set forth; they not being pertinent to the issue, but tending to mislead the jury.

(3) The verdict is contrary to the evidence.

Because of doubt as to the remedy, and the admission of the cost *fi. fa.*, the court granted a new trial; and the plaintiffs excepted.

W. M. Sessions and T. M. Peeples, for plaintiffs.

Sam. J. Winn, for defendant.

Bleckley, Chief Justice.

This was a rule brought against Simmons as an attorney at law. The court at the trial thought the remedy applicable to the facts of the case; but having admitted some illegal evidence, the judge granted a new trial, being then in doubt as to the remedy. There was no abuse of discretion in this grant of a first new trial. On the contrary, we think the court was well warranted in studing the question of remedy further; for under the facts, it is a grave question, and difficult of solution.

*Judgment affirmed.*